```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


JOHN PATRICK MOORE,

              Plaintiff,
                                          Civil Action 2:12-cv-609
      vs.                                 Judge Marbley
                                          Magistrate Judge King
BRENT CRUSE, et al.,

              Defendants.
```

### OPINION AND ORDER

Plaintiff John Patrick Moore, now an inmate at the Southern Ohio Correctional Facility, filed this civil rights action under 42 U.S.C. § 1983 on July 10, 2012.  *Complaint*, Doc. No. 5.  The *Complaint* asserts claims under § 1983 for, *inter alia*, violations of the First and Eighth Amendments to the United States Constitution. Specifically, the *Complaint* alleges that defendants discriminated against plaintiff and assault plaintiff during a volleyball game at Chillicothe Correctional Institution ("CCI") based on his religious beliefs and for wearing religious headgear.  *Id*. at pp. 5-7.

Defendants filed a motion for summary judgment on March 14, 2013, *Defendants Cruse, Pfeifer, Thornhill, and Walker's Motion for Summary Judgment*, Doc. No. 31.  On March 26, 2013, plaintiff filed a motion titled *Declaration of John Moore* ("*Plaintiff's Motion*"), Doc. No. 33, seeking additional time to complete discovery under Fed. R. Civ. P. 56(d).  Defendants have filed a response to *Plaintiff's Motion*, *Defendants' Response*, Doc. No. 36.  Plaintiff has not filed a reply. This matter is now ripe for consideration.

Rule 56(d) of the Federal Rules of Civil Procedure establishes the proper procedure to be followed when a party concludes that additional discovery is necessary to respond to a motion for summary judgment:

> When Facts Are Unavailable to the Nonmovant.  If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  The affidavit or declaration required by the rule must "indicate to the district court [the party's] need for discovery, what material facts [the party] hopes to uncover, and why [the party] has not previously discovered the information." *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir. 2000) (citing *Radich v. Goode,* 886 F.2d 1391, 1393-94 (3d Cir. 1989)).  A motion under Rule 56(d) may be properly denied where the requesting party "'makes only general and conclusory statements [in the supporting affidavit or declaration] regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [information sought] to be discovered,'" *Ball v. Union Carbide Corp.,* 385 F.3d 713, 720 (6th Cir. 2004) (quoting *Ironside v. Simi Valley Hosp.,* 188 F.3d 350, 354 (6th Cir. 1999)), or where the affidavit or declaration "lacks 'any details' or 'specificity.'" *Id.* (quoting *Emmons v. McLaughlin,* 874 F.2d 351, 357 (6th Cir. 1989)).  The importance of complying with the specific requirements of Rule 56(d) cannot be over-emphasized.  *See*

2

*Cacevic*, 226 F.3d at 488.  Finally, whether or not to grant a request for additional discovery falls within the trial court's discretion. *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 426 (6th Cir. 2009).

In the case presently before the Court, plaintiff seeks additional discovery to (1) "review the rosters of Inmate name and numbers" of the individuals who participated in the volleyball league, (2) "review security footage of the incident," and (3) have an "opportunity to interview each person who was on the volleyball league." *Plaintiff's Motion*, ¶¶ 4-5, 7.  Plaintiff asserts that this discovery will permit him to obtain "written Affidavits and declarations from Inmates that were present [at the volleyball game]," "produce witness testimony that [he was assaulted,]" and "clearly show the facts in a light favorable to [his] claim." *Id*. at ¶¶ 3-5. Additional time to complete discovery is necessary, plaintiff argues, because he did not have sufficient time to learn the identities of witnesses while incarcerated at CCI, "he has not had access to discovery," and defendants "claim confidentiality" regarding the identities of the inmates in the volleyball league.  *Id*. at ¶¶ 3, 6-7. Plaintiff's arguments are without merit.

Plaintiff has had more than four and a half months to conduct discovery in this case.  *See Order*, Doc. No. 16, p. 1 (September 10, 2012 order directing that "[d]iscovery may proceed and must be completed no later than January 31, 2013").  Nevertheless, it does not appear that plaintiff conducted, or even attempted to conduct, any discovery; defendants' representation that plaintiff has not sought any discovery, *see Defendants' Response*, pp. 1-3, is uncontroverted.

Plaintiff does represent that defendants "claim confidentiality" regarding the identities of inmates in the volleyball league. However, prior to filing *Plaintiff's Motion* on March 26, 2013, no party had filed a motion to extend the discovery deadline, a motion to compel discovery, or any other discovery related motion.  Plaintiff has simply not shown that he was diligent in pursuing the information that he now seeks.  The Court also concludes that plaintiff's declaration lacks the specificity required by Rule 56(d).  Specifically, plaintiff's conclusory declaration does not adequately articulate the material information that plaintiff hopes to learn, nor does it explain why that information is necessary to respond to the *Motion for Summary Judgment*, why he has not previously learned that information, and why the requested extension of the discovery completion date would permit him to learn that information.

*Plaintiff's Motion*, Doc. No. 33, is therefore **DENIED**.

Plaintiff may have fourteen (14) days to respond to the *Motion for Summary Judgment*, Doc. No. 31.  If plaintiff fails to file a response to the *Motion for Summary Judgment* within fourteen days of this order, the affidavits or other papers submitted in support of the *Motion for Summary Judgment* will be accepted as true by the Court.  *See* Fed. R. Civ. P. 56(c).


September 10, 2013                              *s/Norah McCann King*
                                                   Norah M<sup>c</sup>Cann King
                                              United States Magistrate Judge

4